Parker vs. Hughes.

HAMPTON C. PARKER, plaintiff in error, vs. WM. HUGHES, Jr., defendant in error.

[1.] A grant from the State, cannot be set aside in any proceeding, to which the State is not a party.

[2.] The State, by the Governor, cannot be made a party complainant, without the Governor's consent.

In Equity, from McIntosh Superior Court. Tried before Judge FLEMING at April Term, 1858.

The bill was filed by Parker, and was against Hughes.

It states that Parker, on the 26th of May, 1854, had surveyed, under a head rights warrant, dated the 6th February, 1854, by the Surveyor of McIntosh county, a tract of land containing 595 acres, lying in that county, and bounded on the South by the Altamaha; on the North by lands of William Hughes; on the East by lands, belonging to the estate of Wm. Boggs, and to J. M. Smith; and West by the Altamaha and Farmer's land.

That said survey having been lawfully advertised, Parker applied to the Sheriff of said county for a certificate in terms of the law, that no one was in possession of the land; that the Sheriff refused to give the certificate upon the ground, that Wm. Hughes Jr., of Liberty county, had notified him, that he had obtained a grant for the land.

That this grant is fraudulent and void, in this; that in or about 1853, the said Hughes obtained a warrant from the proper Land Court, for 800 acres of land; that being himself, a surveyor, he located that warrant on the northern side of the Altamaha Swamp, and ran the 800 acres in nearly a square, on that side of the swamp—the two northern lines enclosing said land, ending at the edge of the swamp; that, well knowng that the warrant was already filled without taking in the swamp, or any part of it, he, without marking or running or measuring the lines into the river and through the swamp, wrongfully and fraudulently platted the lines on paper as

Parker vs. Hughes.

though they had been surveyed or marked down to the main channel of the river—fraudulently marking the channel as curving inwards, instead of, outwards, and representing the two North and South lines running (by the plat) through the swamp to the river, as very short, when the real distance was a mile.   That thus he made the plat to contain but little over 800 acres, when in truth the tract contained near-ly 1500 acres.

That Hughes, well knowing the premises, fraudulently caused and procured the County Surveyor of McIntosh coun-ty, to certify said survey, and then transmitted it to the Sur-veyor General, and fraudulently procured a grant to him-self for the land.

That he, the complainant, Parker, located his warrant on that portion of said land, which was so fraudulently grant-ed as aforesaid, the portion lying between the 800 acres to which said Hughes was entitled, and the river.

That he, Parker, had frequently applied to Hughes, to withdraw his objection to the Sheriff's certifying, but that said Hughes always refused to comply with such requests.

The bill prays, that Hughes may be compelled to produce the grant, that it may be cancelled as null and void.

Or, that the grant may be declared null and void so far as the amount of land, say 700 acres, platted, but never sur-veyed, is concerned.

And, that Parker may have such further and other relief, as the nature and justice of the case may require.

To this bill there was a demurrer on the ground that the complainant had no right to sue, in the matter; and that the grant could only be set aside in Chancery by a writ of *scire facias*, sued out on the part of the government, or by some individual prosecuting in its name.

This demurrer, the Court sustained, and dismissed the bill with costs, refusing to allow the complainant to amend the bill, by making the State a party through the Governor or the Solicitor General of the circuit.

The exception is to this judgment.

GAULDEN, for plaintiff in error.

BACON and LEVY, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

This Court has several times held, that a grant from the State, cannot be set aside in a proceeding to which, the State is not a party. 20 *Ga.* 571. 17 *Ga.* 547. See *Cressup vs McLean,* 5 *Leigh* 381. I think, that the proceeding ought to be one in which, the State is the party *plaintiff.* In that case, there cannot arise any conflict between departments of the Government.

[1.] In our judgment the Court was right in sustaining the demurrer.

Was the Court also right in refusing to allow the complainant to amend the bill, by making the State a party through the Governor, or the Solicitor General ?

We think so. The Governor or the Solicitor General could not be made a party complainant, without his own consent; and it does not appear, that the complainant, Parker, had obtained such consent; it rather appears that he had not obtained such consent. Besides, it is a question not free from difficulty, whether the complainant, Parker, acquired any right by his survey. If he did not, it is clear, that *he* has no right to sue, and, therefore, clear that no amendment could make a bill of his, good.

This last question was not argued at all on one side, and was not much argued on the other.

We are not prepared to say, that the Court below erred in refusing the amendment.

I remark for myself, that I see no objection to a bill by the Governor to set aside this grant. The case, I feel sure, is one in which, in England, an information would lie. 1 *Dan. Ch. Pr. chap II Sec.* 1. In this State, it may be doubtful,

whether the proceeding by information, has not been abolished; but whether it has been or not, the Judiciary Act of 1799 says, that " in *all* cases where a common law remedy is not adequate" the Superior Courts shall exercise the powers of a Court of Equity; " and the proceedings in all such cases shall be by *bill.* " *Pr. Dig.* 447

Judgment affirmed.