## THORN vs. THE CITY OF ATLANTA.

The act creating the board of commissioners of roads and reve-
nues for Fulton county directs that such board may or may not
grant license to sell spirituous or malt liquors. A discretion is
vested in the board to grant or refuse such licenses, but this dis-
cretion is that of the commissioners, not of their clerk. He
has no such discretion or authority and he cannot exercise it for
the commissioners. Therefore a license to sell spirituous or malt
liquors in the city of Atlanta, issued by such clerk in the absence
of the commissioners and without their express order and without
their knowledge, was void; and the recorder of the city had au-
thority, under the ordinance thereof, to impose a punishment for
its violation, as was done.

October 19, 1886.

Criminal Law. Liquor. License. Powers. County
Matters. Before Judge RICHARD H. CLARK. Fulton
County. At Chambers, July 24, 1886.

On July 23, 1886, Charles C. Thorn was arraigned before
the recorder of the city of Atlanta, charged with keeping
spirituous and malt liquors for illegal sale, under ordi-
nance passed by that city prohibiting such keeping, after
the taking effect of the general local option law in Fulton
county after an election held for that purpose.

On the hearing, the evidence was conflicting, but that
on behalf of the city tended to show that the defendant
had sold beer and whiskey, and that it had been drunk
on his premises. This was denied by the defendant. It
appeared that he had applied to the clerk of the board
of commissioners of roads and revenues of the county, and
had obtained from that functionary a license to sell
liquor by the quart. This was dated September 23, 1885,
and was for one year. The clerk testified that, under the
general power conferred by the board on him, he had
issued licenses to various parties to sell liquors by the
quart, and did so in this case, without any special order
from the board.

The recorder held that the license was void, and that the defendant was guilty, and imposed a fine upon him. He petitioned for a *certiorari*, which was refused, and he excepted.

R. J. JORDAN, for plaintiff in error.

J. B. GOODWIN; J. T. PENDLETON, for defendant.

BLANDFORD, Justice.

The question presented by the record in this case is, whether a license to sell spirituous or malt liquors, issued by the clerk of the county commissioners of Fulton county, in the absence of the commissioners and without their express order and without their knowledge, in the city of Atlanta, is legal and valid.

The act creating the board of commissioners for Fulton county* directs that this board may or may not grant such license. Acts of 1884–85, p. 42. There is by the act a discretion vested in the board of commissioners to grant or refuse such license. This discretion is that of the commissioners, not of their clerk; he has no such discretion or authority, and he cannot exercise it for the commissioners. 32 Minn. 145; 2 Dillon Munic. Corp. 779. And it seems to follow, if this is so, that a license thus issued is void, and hence the recorder had the authority, under the ordinance of the city, to inflict the punishment which he did. City code of Atlanta, section 15.

Let the judgment of the court below be affirmed.