ATKINSON, Governor, for use, etc., *v.* CAWLEY.

A petition for scire facias brought by " W. Y. Atkinson, Governor of the State of Georgia, suing for the use of B. S. Calhoun," for the purpose of cancelling a land grant issued by the State, is not a suit in the name of the State of Georgia.

Argued December 8, — Decided December 20, 1900.

Petition for scire facias.   Before Judge Smith.   Montgomery superior court.   April term, 1900.

*J. B. Geiger,* for plaintiff.   *J. H. Martin,* for defendant.

Cobb, J.   This is the second time this controversy has been before this court.   In *Calhoun* v. *Cawley,* 104 *Ga.* 335, it was held, following the ruling in *Parker* v. *Hughes,* 25 *Ga.* 374, that " A grant from the State can not be set aside in any proceeding to which the State is not a party."   And it was ruled that the petition of Calhoun, praying that scire facias might issue for the purpose of setting aside a grant issued to Cawley, was properly dismissed on demurrer upon the ground that the State was not a party to the proceeding.   Subsequently to the rendition of this decision, application was made to the Governor for leave to bring a petition for the cancellation of the grant, and, on October 19, 1898, the Governor passed the following order: "Proper application being made therefor, consent is hereby given for the filing of the within petition against William Cawley for the cancellation of the grant issued to him on the 13th day of June, 1894, as therein set forth."   The petition referred to in the order, which is the petition in the present case, begins as follows: " The petition of W. Y. Atkinson, Governor of the State of Georgia, suing for the use of B. S. Calhoun, respectfully shows the following facts."   The petition then proceeds to set forth substantially the same facts as were alleged in the case of *Calhoun* v. *Cawley,* supra.   The order above quoted was attached to the petition as an exhibit.   To the petition the defendant filed a demurrer upon numerous grounds, one of them being that the State was not a party to the proceeding.   The demurrer was sustained, and exception was duly taken to this ruling.

Under the view we have taken of the case it is unnecessary to determine whether the Governor has authority to authorize a private citizen to use the name of the State in a proceeding to vacate

a grant issued by it, or whether the attorney-general by virtue of his office has power to bring a suit in his official capacity in the name of the State through him for this purpose. The present petition was an effort to bring a suit in behalf of the State under authority of the Governor; and the controlling question to be determined is whether the petition was by or in behalf of the State of Georgia. If it had been a petition in the name of the State of Georgia by and through W. Y. Atkinson, Governor, there would be no doubt that the State would be a party to the case. But in no view of the matter can the petition be treated as one brought by the State of Georgia. It is, therefore, really unnecessary to decide whether the petition should be regarded as one brought by W. Y. Atkinson as an individual or by him in his official capacity as Governor of the State. There would, however, seem to be authority for holding that a petition by W. Y. Atkinson, Governor, etc., should be treated as a petition by him as an individual, the words "Governor, etc.," being considered simply as descriptive of the person, and not as characterizing the capacity in which he sues. See *Mitchell* v. *Georgia & Alabama Railway,* 111 *Ga.* 760, and cases cited. Even if there is any law in this State authorizing the Governor to consent that the name of the State may be used for the purpose of bringing a proceeding to vacate a land grant, the present suit would fail, for the simple reason that it was not brought in the name of the State. If the present action be treated as one prosecuted by the Governor in his official capacity, it would likewise fail; for there is no law either requiring or authorizing the Governor to bring such a suit in his name in behalf of an individual interested in the subject-matter of the grant. The words "suing for the use of B. S. Calhoun," which follow the words "Governor, etc.," indicate that the suit is brought for the benefit of Calhoun, and as the nominal plaintiff is not the State but simply W. Y. Atkinson, who neither as an individual nor as Governor has any authority to bring the action, B. S. Calhoun is to be treated as the real plaintiff in the case. See, in this connection, *Governor* v. *Hicks,* 12 *Ga.* 189; *Martin* v. *Lamb,* 77 *Ga.* 252; *Wortsman* v. *Wade,* 77 *Ga.* 656; 15 Enc. P. & P. 491, note 2. In no view of the matter can the petition be construed as one brought by the State. At most, it is a suit by the individual who was for the time being Governor, brought for the use of another citizen of the State. When the State institutes a proceed-

ing, either by scire facias or bill, to vacate a grant which has been issued by it, it is acting primarily in its own interest and behalf, and is seeking to take away from a citizen something which has been obtained from the sovereign either by a fraud or other wrong perpetrated upon one of its representatives. The gist of the action is the wrong which the individual has done to the sovereign, and the remedy is to reclaim that which apparently passed by the grant, in order that the same might be disposed of in the future for the benefit of the public, or that the rights of another citizen therein might be allowed to prevail. When no one is interested in the matter except the State, it can proceed or not as it sees proper. On the other hand, when there is a citizen whose rights are interfered with by the existence of a fraudulent or illegal grant, then the State can move in the matter upon the application of the citizen in the manner prescribed by law. In either event, the proceeding is by the State for the direct benefit of the State, and the fact that a citizen is indirectly to be benefited by a cancellation of the grant will not authorize him to bring a suit in his name, or in the name of any other person for his use, whether such person be a public officer or not, unless there is a statute declaring that such suit may be brought in the name of such public officer.

*Judgment affirmed. All concurring, except Fish, J., absent.*