ANDERSON *et al. v.* BENNETT, superintendent of banks.

1. Under the act of 1922 (Acts 1922, p. 65), the superintendent of banks may, in the name of the bank, institute an action against stockholders to recover the double liability of stockholders to depositors. A petition brought by "T. R. Bennett, superintendent of banks for the State of Georgia, in charge of the American Bank & Trust Co., in liquidation, respectfully shows," may be amended so as to read: "The petition of American Bank & Trust Co., by and through T. R. Bennett, superintendent of banks for the State of Georgia, in charge of the American Bank & Trust Co., in liquidation, respectfully shows," and is not subject to the objection that the amendment adds a new and distinct party as the plaintiff in the suit.

2. In a suit of the character just set out, it is not necessary that the names of the unpaid depositors, and the amount due each of them respectively, should be set out in the petition.

3. The court did not err in allowing the amendment to the petition, and in overruling the demurrers.

No. 4809.  JUNE 20, 1925.

Equitable petition.  Before Judge Meldrim.  Chatham superior court.  January 5, 1925.

*H. W. Johnson,* for plaintiffs in error.

*Seabrook, Kennedy & McWhorter,* contra.

HILL, J.　T. R. Bennett, superintendent of banks for the State of Georgia, in charge of the American Bank & Trust Co., in liquidation, filed, on October 1, 1924, in the superior court of Chatham county, his petition against C. G. Anderson Jr. et al., stockholders of the American Bank & Trust Co., praying a judgment and decree against them as such stockholders, according to their several liabilities under the law, for such amount as was necessary to pay the depositors of the bank in full.　On October 27, 1924, general and special demurrers to the petition were filed, and were overruled on January 5, 1925, on each and all the grounds thereof. The petition as originally filed recited: "The petition of T. R. Bennett, superintendent of banks for the State of Georgia, in charge of the American Bank & Trust Co., in liquidation, respectfully shows," etc.　By an amendment, which was allowed subject to objection, the petition was changed so as to read as follows: "The petition of the American Bank & Trust Co., by and through T. R. Bennett, superintendent of banks for the State of Georgia, in charge of the American Bank & Trust Co., in liquidation, respectfully shows," etc.　The defendants filed objection to the amendment, on the ground that it added a new and distinct party as plaintiff in the suit.　The demurrers to the petition and the objection to the amendment were overruled, and the present bill of exceptions was brought to review the judgment of the court below.

1.　Two questions are presented for determination by this court. The first question raised by the general demurrer is, does the amendment to the petition, set out above, introduce a new party plaintiff?　Under the act of 1919 (Ga. L. 1919, p. 189), 8 Park's Ann. Code Supp. 1922, § 2279(a), stockholders of a bank incorporated under this act, in addition to their liability on any unpaid balance on his or her shares of stock, are further and additionally individually liable equally and ratably (and not one for another) to depositors of such bank for all moneys deposited therein, in an amount equal to the face value of their respective shares of stock, etc.　By the act of 1922 (Acts 1922, pp. 63, 65), the superintendent of banks may, in the name of the bank, institute an action against the stockholders of the bank, to recover the liability of shareholders to depositors.　Properly construed, this

suit was one brought by T. R. Bennett as superintendent of banks for the State of Georgia in his representative capacity, and was brought for the use of the bank; and this being so, he could by a proper amendment make the bank itself a party plaintiff by him in his official capacity. The Civil Code of 1910, § 5690, provides that "In an action by or against an executor, administrator, or other representative, the declaration may be amended by striking out the representative character of such plaintiff or defendant. And, in an action by or against an individual, the pleadings may be amended by inserting his representative character." Section 5408 provides that "Any person claiming equitable relief may make all necessary parties to secure equitable relief, either at the beginning of his suit or afterwards by amendment; and may make amendments in matter of form or substance." And see *Hart* v. *Atlanta Terminal Co.*, 128 *Ga.* 754 (58 S. E. 452). By analogy to the sections of the code and decisions, the usee can be substituted for the nominal plaintiff; and therefore the amendment in the present case·was properly allowed, making the bank a party plaintiff. The question here is not one of making a new party plaintiff, but is one of a mere substitution of the bank for T. R. Bennett, who brought suit in his official capacity for the use of the bank. The case of *Atkinson* v. *Cawley,* 112 *Ga.* 485 (37 S. E. 715), is distinguishable from the case at bar.

2. The next question to be determined is, should the names of the unpaid depositors, and the amount due each of them respectively, have been set out in the petition, as required by the special demurrer? The stockholders of the American Bank & Trust Co. were entitled to examine the records of the bank in order to see who were depositors of the bank, and they are chargeable with that knowledge. The act of 1919, art. 7, sec. 17 (Acts 1919, pp. 135, 159), provides that "the superintendent of banks shall make in triplicate a full and complete list of the claims presented and of the deposits as shown by the books of the bank, . . one copy to be filed in the office of the superintendent, and one copy to be filed, but not recorded, in the office of the clerk of the superior court of the county in which the bank is located, and one copy to be kept of file in the bank. Such inventories and lists of claims shall be open to inspection during regular office hours of such offices, respectively." We are therefore of the opinion that

the court did not err in overruling the special demurrer. See 4 Mich. Dig. Ga. R. Cum. Supp. 793, and cases cited.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*