16259.    CARDEN *v.* HALL, for use, etc., *et al.*

1. The legal title to a mortgage note, together with the right to the benefit of the security referred to therein, is assignable by the blank indorsement of the payee.
2. In a suit upon a promissory note, instituted by the payee for the use of an assignee, where it appears that the assignee is the holder of the legal title, the assignee is the real party at interest. Although the petition may not have been amended by striking the name of the nominal party plaintiff and substituting therefor the name of the assignee as plaintiff, there -may nevertheless be a recovery for the plaintiff upon evidence which sustains only the right of the assignee to recover, where such evidence has been admitted without objection.

DECIDED JANUARY 15, 1926.

Mortgage foreclosure; from Campbell superior court—Judge Hutcheson.    December 20, 1924.

*J. F. Golightly,* for plaintiff in error.

*J. W. Parker,* contra.

STEPHENS, J.    This was a proceeding to foreclose a mortgage note, instituted by W. H. Hall, for the use of the Bank of Palmetto, as assignee, against Mrs. F. M. Carden, as maker. It appears from the petition that the note was executed by Mrs. Carden as principal, and by Taswell Carden as security, and was payable to the order of W. H. Hall, and that it was indorsed in blank by the payee. It also appears from the petition that the Bank of Palmetto was a purchaser in due course. The defense interposed by Mrs. Carden was that she, in executing the note, did so as surety for her husband, that this fact was known to the payee, W. H. Hall, and that the Bank of Palmetto was not a purchaser in due course.

A mortgage note, together with the benefit of the security, may be assigned by an indorsement in blank. It appears, therefore, that the legal title to the note sued on was in the assignee, the

Bank of Palmetto, and that the action could have been maintained by the Bank of Palmetto in its own name. *Barnes* v. *Fleetwood,* 5 *Ga. App.* 296 (63 S. E. 60). Civil Code (1910), §§ 3345, 3346, 3347, 4276. The suit was evidently brought by W. H. Hall, the payee of the note, for the use of the Bank of Palmetto, under section 3278 of the Civil Code (1910), which provides that "a mortgage transferred by written assignment may be foreclosed in the name of the mortgagee suing for the use of such assignee." Since, however, the real party at interest is the Bank of Palmetto, which holds legal title, and W. H. Hall is a mere nominal party, the suit as brought could have been amended by striking the name of Hall, for use, and substituting therefor the name of the Bank of Palmetto as the real plaintiff. *R. & D. Railroad Co.* v. *Bedell,* 88 *Ga.* 591 (3) (15 S. E. 676); *Woodbridge* v. *Drought,* 118 *Ga.* 671 (2) (45 S. E. 266); *Swilley* v. *Hooker,* 126 *Ga.* 353 (55 S. E. 31). Although the petition was not amended in this respect, yet since it was so amendable, a recovery based upon evidence sustaining only the right of the Bank of Palmetto to recover may be maintained thereon, where such evidence was admitted without objection, although the verdict and judgment are in the name of the nominal plaintiff for the use of the Bank of Palmetto. To all intents and purposes the real plaintiff is the Bank of Palmetto. See, in this connection, *Wortsman* v. *Wade,* 77 *Ga.* 661 (4 Am. St. R. 102).

Where evidence to the effect that the Bank of Palmetto purchased the note in ignorance of the defendant's alleged suretyship was admitted without objection, the court did not err in an instruction to the jury to the effect that such evidence would authorize a finding for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*