ROPER *v.* WHITE, administratrix, *et al.*

No. 9744. FEBRUARY 13, 1934.

*Julius Rink,* for plaintiff in error.

*R. Carter Pittman* and *Wright & Covington,* contra.

ATKINSON, J. ■ The facts are set forth in the report of the case of *White* v. *Roper,* 176 *Ga.* 180 (167 S. E. 177). On the second trial the defendant tendered an amendment to his answer, containing allegations hereinafter referred to, which amendment was disallowed on objection by the plaintiff. To that ruling the defendant filed exceptions pendente lite, on which error is assigned. The al-

legations of the amendment, were, in brief, that Joe Roberson waived any right to claim any portion of the insurance money, because Roper, the administrator, in good faith distributed the fund arising from the war insurance to brothers and sister of Fred Williams, and there was no other property of Fred Williams to be administered except the insurance money; that the proceeds of the life-insurance policy came into the hands of J. A. Roper as administrator of Fred Williams for the sole purpose of being distributed to those who might be legally and equitably entitled thereto; that such money was not liable for any debts of Fred Williams; that Joe Roberson is estopped from claiming any portion of said fund arising from the insurance policy, because Joe Roberson was fully informed by J. W. Roper and his attorney that they construed the law to be that the money arising from the insurance policy should be paid to the brothers and sister of Fred Williams, and he was urged to file in behalf of himself and child a claim to the fund; that he failed and refused to file any such claim, and permitted Roper to go ahead and distribute the fund to the sister and brothers of Fred Williams; that Joe Roberson had full information that said estate had been so distributed, and he knew that Roper had applied for his discharge as administrator, and that citation had been issued, and Joe Roberson failed and refused to file any protest or objection, but sat quietly by and permitted Roper to pay out said fund. Wherefore the defendant prayed that Joe Roberson be debarred of any recovery against Roper, administrator, to the extent of the amount that would have come to him, and that the recovery should be limited to the sole use and benefit of the minor child of Roberson, so that the recovery would be one half the proceeds of the insurance policy. Joe Roberson died after the filing of the suit; and the defendant prayed that D. M. Hall and Carter Pittman, who had been appointed administrators of the estate of Joe Roberson, be made parties.

In the prior opinion in this case (176 *Ga.* 180) it was held that the administrator of Fred Williams was the one entitled to the proceeds of the war-risk insurance policy, in accordance with the decision of the Supreme Court of the United States in Singleton *v.* Cheek, 284 U. S. 493 (52 Sup. Ct. 257). Fred Williams, a world-war soldier, had not received all the installments on his policy of insurance, and he died on October 3, 1918, after having

taken out a war-risk insurance policy, in which he named his wife Grace Williams as beneficiary. He left no child, but was survived only by his widow, who subsequently married Joe Roberson. Grace Williams Roberson died intestate on May 14, 1930, leaving her second husband, Joe Roberson, and a minor child born of her second marriage, as her sole heirs at law. Roper as administrator paid the proceeds of the insurance policy to his wife, a sister of Fred Williams, and to Sam Williams and R. L. Williams, two brothers. This, as was held on the former hearing of the case, was an improper payment, and the money belonged in fact to the administrator of Mrs. Grace Williams Roberson, named as beneficiary of the insurance policy, and should have been distributed to the heirs of Mrs. Grace Williams Roberson, in accordance with the intestacy laws of the State of Georgia. The position taken by J. A. Roper in the present case is that the only heirs of Mrs. Grace Williams Roberson were Joe Roberson and the minor child, that the money was held by the administrator really as a trustee for distribution, and that Joe Roberson was estopped by his conduct from claiming any portion of the proceeds of the insurance policy.

This court held, in *Wortsman* v. *Wade,* 77 *Ga.* 651 (4 Am. St. R. 102), that where the United States marshal brought suit on a bond for the use of plaintiffs, the marshal was a mere formal party, and the real controversy was between the usees and the defendants, and the respective residences of the usees would determine whether the case was removable to the Federal court. A similar principle was decided in *Atkinson* v. *Cawley,* 112 *Ga.* 485 (37 S. E. 715); *Boyd* v. *Crews,* 32 *Ga. App.* 138 (2) (122 S. E. 802); *Wynn* v. *Maddox,* 33 *Ga. App.* 87 (125 S. E. 516); *Carden* v. *Hall,* 34 *Ga. App.* 806 (131 S. E. 296). The question therefore arises whether the facts set forth in the tendered amendment to the answer constituted an estoppel in the relation of usee, so that the recovery under defendant's contention would exclude any amount which would be receivable by him. This court held that Joe Roberson, as administrator of Mrs. Grace Williams Roberson, could not be estopped. 176 *Ga.* 180, 188, citing *Pollock* v. *Cox,* 108 *Ga.* 430 (34 S. E. 213). At the time when Roper sought to be discharged as administrator of. the estate of Fred Williams, Joe Roberson was not entitled to any money from the insurance policy, and the only one entitled to it was such person as might be appointed administrator of Mrs. Grace

Williams Roberson. The question whether one as a usee was estopped by his conduct was dealt with in principle in *Rusk* v. *Hill*, 117 *Ga.* 722 (8) (45 S. E. 42), quoted by this court in the previous decision. This principle was expressed in *Davis* v. *Bagley*, 40 *Ga.* 181, 184 (2 Am. R. 570). It appears from the rejected amendment to defendant's answer that Roberson did nothing except remain silent. The decision as to the legal obligation of Roper was a responsibility upon him as administrator. Therefore the court was correct in rejecting the amendment.

■ In his amended motion for a new trial J. A. Roper complains of a refusal to allow him to prove by the ordinary that it was his opinion that neither Joe Roberson nor his son was entitled to receive any part of the proceeds of the war-insurance policy on the life of Fred Williams. Further the court refused to permit Julius Rink, of counsel for the defendant, to testify that Roper informed Roberson of his construction of the law of Congress about the disposition of the proceeds of the insurance policy, and that under his construction the brothers and sister of Fred Williams would receive it all; and that he advised and urged Roberson to file proceedings to set up any claim if he contended to the contrary. Further, that the court excluded the evidence of Roper, showing his good faith in the payment of the insurance money. These questions have largely been dealt with in the prior decision of this case by this court. It appears that Roper acted in good faith from the moral viewpoint, but he decided erroneously. He might have filed a bill and had the question legally determined, but he took the risk, and he represented to the ordinary that he had settled the entire estate and had paid the money of the estate to the persons properly entitled thereto, which was not the fact. A misrepresentation, if made by mistake and innocently, and acted on by opposite party, constitutes legal fraud. Civil Code, § 4623; *Cunningham* v. *Huson Ice & Coal Co.*, 26 *Ga. App.* 302 (105 S. E. 860), and cit. The attack upon the judgment of dismissal is strengthened by the fact that Roper sought and obtained his discharge within approximately six months from the date of his appointment as administrator, especially since discharge should not have been sought for twelve months. Under the uncontradicted evidence a misrepresentation was made to the ordinary. His own private knowledge did not alter the fact that it was represented to

him by Roper, the administrator, officially that the proper persons had received a payment of the funds of the estate when such was not the case. *Atlantic & Birmingham Railway Co.* v. *Cordele,* 128 *Ga.* 293 (57 S. E. 493) ; *Cramer* v. *Truitt,* 113 *Ga.* 967 (39 S. E. 459).

■ The ruling announced in the third headnote does not require elaboration.

■ This was a case where an administrator, being doubtful as to his legal duty, undertook to settle the matter for himself, with the result that an erroneous decision has placed on him and his surety a heavy liability. The previous decision of this case settled most of the questions that are involved; but new issues were made, upon which the plaintiff in error had the right to demand the judgment of this court, and it can not be said that the appeal was prompted by motives of delay. *Continental Casualty Co.* v. *White,* 178 *Ga.* 287. *Judgment affirmed. All the Justices concur.*