MELL, trustee, *v.* McNULTY *et al.*

*George C. Palmer* and *Ed Wohlwender Jr.,* for plaintiff in error.
*Hollis, Young & Carnes, Paul Blanchard,* and *Battle & Smith,* contra.

JENKINS, Justice. 1. "Creditors . . may attack a judgment for any defect appearing on the face of the record or pleadings, or for fraud or collusion, whenever it interferes with their rights, either at law or in equity." Code, § 110-711. "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." § 110-702. The right of a creditor, under § 110-711, to attack the judgment of another creditor because of an alleged "defect appearing on the face of the record or pleadings" does not extend to mere "irregularities previous to the judgment; [but] the defects . . must be such as are not amendable." *Stanford* v. *Bradford,* 45 *Ga.* 97; *Chapman* v. *Taliaferro,* 1 *Ga. App.* 235 (3) (58 S. E. 128). The rule is thus the same as that which controls on a motion in arrest or to set aside a judgment, in that the defect must be one which was "not amendable." On a motion in arrest, a petition, although defective and although subject to general demurrer, in that it

omits to set forth all the necessary ingredients of a cause of action, will not render the judgment based thereon subject to this technical statutory remedy, unless it be that the petition affirmatively shows on its face that a cause of action did not in fact exist, or that the petition is so utterly defective that it could not be amended at all, or that the defect in the petition is of such character as renders unenforceable or meaningless the verdict and judgment based thereon. This is for the reason that, save for the exceptions stated, the defects in the pleadings are cured by verdict, on the theory that there is a conclusive presumption that the jury had before it sufficient evidence to authorize the verdict on every essential ingredient necessary for its rendition, which would have been admissible or relevant under any proper amendment. *Barclay* v. *Kimsey,* 72 *Ga.* 725, 737; *Winn* v. *Lunsford,* 130 *Ga.* 436, 439 (61 S. E. 9); *Rollins* v. *Personal Finance Co.,* 49 *Ga. App.* 365, 366 (175 S. E. 609), and cit.; *Hayes* v. *American Bankers Insurance Co.,* 46 *Ga. App.* 552 (167 S. E. 731), and cit.; *Watkins Co.* v. *Herring,* 51 *Ga. App.* 396 (3) (180 S. E. 525).

2. Even though a petition brought in the name of "George S. VanSchaick, Superintendent of Insurance of the State of New York," suing in this State an agent of a New York insurance company for premiums due to the company, might be construed as brought individually, since the language describing the official character of the plaintiff might be taken as descriptio personæ (*Atkinson* v. *Cawley,* 112 *Ga.* 485, 37 S. E. 715; *Sudderth* v. *Harris,* 51 *Ga. App.* 654 (2), 181 S. E. 122, and cit.), the plaintiff by proper amendment could have inserted the word "as" before the statement of his official position, so as to show that the petition was brought in "his representative character" (Code, § 81-1308; *Anderson* v. *Bennett,* 160 *Ga.* 517, 128 S. E. 660), and could thus have conformed his pleading to the verdict and judgment, which were rendered in his favor in his representative capacity, "*as* Superintendent of Insurance of the State of New York."

3. "While a chancery or statutory receiver can not sue in the courts of a foreign jurisdiction by virtue of his appointment alone, he can do so when he is expressly authorized by statute to sue, or when he is expressly or by necessary implication vested with title, or when he is made a quasi-assignee or representative of credit-

ors." *Bullock* v. *Oliver*, 155 *Ga.* 151 (116 S. E. 293, 29 A. L. R. 1484). "The distinction apparent in all cases is as to whether the receiver has title, or whether he is simply appointed an agent or officer of the court under its general equity powers." 23 R. C. L. 141, § 150. While an ordinary receiver is not vested with any title merely by virtue of the order of his appointment, he may acquire such title, with the incidental power to sue in a foreign jurisdiction, by a statute of his State, or by a conveyance or assignment to him, or by a decree or order of a court of his State expressly vesting title in him. Oliver v. Clarke (5th C. C. A.), 106 Fed. 402, 403; 53 C. J. 96, 97, 395 (§§ 119, 120, 642), and cit. The petition by the Superintendent of Insurance of the State of New York alleged in this case, not only that by an order of the Supreme Court of his State he was authorized and directed to liquidate the business of the company entitled to the premiums sued for, but that "by said order your petitioner was vested with the *title* to all choses in action and accounts receivable" of the company. Under the rule stated, this averment as to title in the plaintiff was sufficient, without amendment, to authorize the judgment rendered for the plaintiff in his representative capacity. This is true irrespective of whether or not the decision of the trial court in this proceeding should be affirmed for the additional reason, as stated by the judge in his order, that the petition in the former suit was subject to amendment, and so far as the former judgment is concerned it will be considered as having been amended by pleading a statute of New York vesting the superintendent with title to all the assets of the company. Even though such a statute was not pleaded by either party in the former suit, since it can be assumed by virtue of the judgment that the plaintiff sued not merely as a chancery receiver but as an officer of the State of New York, the general rule that a foreign statute will not be presumed to exist unless expressly pleaded will not obtain, because it will be presumed in aid of that judgment that a public officer does his duty, and that the plaintiff was thus acting within his statutory powers.

4. The judgment not being subject to attack by a junior-lien creditor, on the instant intervention, the court did not err in dismissing the intervention on general demurrer.

*Judgment affirmed. All the Justices concur.*