22952. MULCAY et al. v. AUGUSTA FIRE DEPARTMENT CREDIT UNION, by JACKSON, Superintendent of Banks.

DUCKWORTH, Chief Justice. On January 29, 1963, an Augusta credit union brought this action against its former secretary and treasurer and his wife, alleging that the husband having through larceny, theft, misappropriation and fraud embezzled a stated sum of the union's funds and converted it to his own use and thereafter, in order to prevent his creditor, the plaintiff, from reaching assets in his possession, had conspired with his wife to fraudulently convey certain real estate to her without consideration as a scheme and device to defeat the claims of the plaintiff, the defendant husband being insolvent. The prayer was for cancellation of the above deed of conveyance and that the same be declared void. A motion to dismiss and certain general and special demurrers as well as an answer were filed, alleging, in the main, that on February 18, 1963, the Superintendent of the Department of Banking, State of Georgia, had filed in the same court his certificate of possession for the purpose of liquidation of the plaintiff and that all rights and remedies that the plaintiff had vested with said Superintendent, and the plaintiff had no right or remedy of any kind or character against the defendants. The plaintiff

demurred to the portion of the answer setting up this defense and thereafter amended its petition by showing the party plaintiff as being the credit union, by and through the Superintendent of Banks for the State of Georgia in charge of liquidation of said credit union, another amendment showing a change in the office of Superintendent of Banks and a more detailed audit and breakdown of the alleged embezzlement of funds. The demurrers were renewed after each amendment, and after a hearing, the court overruled the motion to dismiss since the petition had been amended to meet it, overruled the general and special demurrers, and sustained the plaintiff's demurrer to the defendant's answer alleging the wrong party plaintiff, striking same therefrom. The exceptions are to these judgments. *Held:*

1. In January 1963 this suit was brought to set aside a fraudulent conveyance, alleging a conspiracy by and between the grantor and grantee therein. At that time there was no allegation or claim that the credit union was insolvent, nor had the Superintendent of Banks taken charge of the assets and property of the plaintiff for the purpose of liquidation. Under such circumstances the union proceeded to seek to cancel and set aside the alleged fraudulent conveyance by an alleged creditor. The petition alleged a cause of action for the relief sought.

   Thereafter, in conformity with the law, after the credit union had been taken over by the Superintendent of Banks, he took over this suit along with all other assets of the credit union. See *Code Ann.* § 25-122, as well as *Title 13, Code of Georgia, Chapter 8,* and particularly *Code* §§ 13-803, 13-807 and 13-808. The petition having thereafter been amended so as to proceed "by and through" the Superintendent of Banks, the trial court did not err in overruling the general demurrers, striking a portion of the answer, and overruling the motion to dismiss, all raising substantially the same question. *Code* § 81-1307; *Anderson v. Bennett,* 160 Ga. 517 (128 SE 660) ; *Ferris v. Union Savings Bank,* 45 Ga. App. 544 (165 SE 450).

2. The special demurrers complaining that the averments showing defalcation by the defendant husband completely fail to show withdrawals from the accounts which he allegedly embezzled are without merit since the exhibit and the allegations allege that the funds were embezzled before they reached the account books and were never entered into the books of ac-

count and in several instances the audit shows the depositor as claiming no withdrawals were made. The allegations were sufficient to put the defendant on notice of the evidence intended to be used to prove the defalcations, and the court did not err in overruling any of the special demurrers.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 10, 1965—DECIDED MAY 18, 1965.

*Congdon & Holley,* for plaintiffs in error.
*McGahee & Plunkett, Jack E. McGahee,* contra.