Kite *vs.* Lumpkin.

---

NOAH KITE, plaintiff in error, *vs.* JOSEPH H. LUMPKIN, deputy sheriff, defendant in error.

1. When a deputy sheriff, having levied a *fi. fa.*, which showed upon its face that it was founded on a judgment obtained *after* the passage of the Relief Law of 1868, permitted the defendant to file an affidavit under that law, and stop the proceeding, the sheriff is liable to be ruled for the debt.

2. When a motion is made to set aside a judgment, on the ground that the party has a good defense at law, but in consequence of a misunderstanding between himself and his attorney, the defense was not filed, and judgment was taken by default: *Held,* that this was not sufficient ground to set aside the judgment.

Rule against Sheriff. *Laches.* Relief Act. Before Judge KIRBY. Floyd Superior Court. July Term, 1869.

In June, 1867, Kite sued one Ayer upon his promissory note, dated the 13th of January, 1863, and due two years after date. No plea was filed and judgment by default was entered in Kite's favor, on the 27th of March 1869. *Fi. fa.*

was issued in the usual form, reciting the amount and date of said judgment. On the 4th of May, 1869, Lumpkin, as deputy sheriff, levied it upon certain land as Ayer's property. On the same day Ayer made and delivered to Lumpkin his affidavit, as prescribed by the "Relief Act of 1868," stating that he desired to avail himself of the benefits of said Act. Thereupon Lumpkin did not proceed under said levy.

At said term of the Court, Kite's attorney obtained a rule *nisi*, calling on Lumpkin to show cause why he should not be compelled to pay Kite the amount due on said *fi. fa.* Lumpkin showed for cause said affidavits having been delivered to him, and further that Ayer had made a motion at said term, which was still pending, in which he was trying to set aside said judgment and scale the debt, under the Ordinance of 1865, for the following reasons : that he, Ayer, employed Smith & Branham, attorneys-at-law, to defend said suit ; that said note was given for the land levied upon, and though not so expressed, was to be paid in Confederate currency ; that the price agreed to be paid for said land was $1,000 00, all of which had been paid (in Confederate currency) except $333 33, the principal of said note; that said land is not, and was not on the 13th of January, 1863, worth more than $200 00 in good currency; that in January, 1864, when he paid the second note, he also offered to discharge this one, in Confederate currency ; that the suit was begun when, by law, pleas were not required to be sworn to, and when the general issue was considered as filed when counsel answered for defendants, but judgment was taken after the law was changed in that regard, and that, though he was sure he had employed said attorneys, they supposed they were not employed, and therefore no plea was filed. This showing was demurred to. The Court refused to make the rule against Lumpkin absolute, and his refusal is assigned as error.

A. R. WRIGHT, E. N. BROYLES, for plaintiff in error, said the sheriff could have made the money, and was therefore liable for failure : 30th Ga. R., 664 ; 11th, 217, 300 ; 26th, 437, 358 ; the motion to set aside the judgment was in-

sufficient in law : 9th Ga. R., 251 ; 27th, 319 ; 2d, 279 ; 3d, 78 ; 4th, 178 ; Irwin's Code, sec. 3406 ; 1st Kelley (Ga. R.) 138.

UNDERWOOD & ROWELL, SMITH & BRANHAM, for defendant.

McCAY, J.

1. The judgment of Kite vs. Ayer was obtained since the Relief Act of 1868 was passed. If Ayer had any defense to the plaintiff's claim it was his duty to have pleaded it, and he would have been heard. We decided in the case of *White vs. Herndon*, at this term, (*ante*) that the Relief Act only applies to judgments in cases where the defense could not have been set up as a defense at the time of the judgment. This, the defendant might have done, and he gives no reason at all why he did not do it. When the judgment was obtained the Relief Act was of force. His defense under it was just as good then as it is now. It would be monstrous to permit a defendant to neglect to put in his defense until the sheriff came to collect the money. He had his day in Court, and even if his defense is an honest and just one, he has lost it, by failing to present it in time. It will be noticed that, as to the plea under the Relief Act, no reason at all is assigned why it was not filed before the judgment. The defendant seems to have thought that the public would wait his convenience, would furnish Courts and juries and a day for him to be heard, but that if he saw fit to wait, it would give him another opportunity. In this he was mistaken. Independently of the right of the plaintiff, the public is not thus to be trifled with.

2. As to the ground taken in the affidavit that the defendant had a good defense to the plaintiff's claim under the Scaling Ordinance, but failed to bring it to the notice of the Court, by reason of a misunderstanding between himself and his lawyers, we think that is no excuse. It would be indeed an extraordinary practice, to permit a solemn judgment of a Court to be set aside, and a new trial to be had, on such a ground as this. The well settled rule is, that the judgment concludes

Kite *vs.* Lumpkin.

all disputes between the parties, unless there be fraud, accident, or mistake, unmixed with any negligence of the party complaining.   The misunderstanding between him and his lawyers, resulting in their failure to file a plea, was gross negligence.   If he did employ them, they were grossly negligent, and if he did not, the negligence is his.   If a man manage his affairs so badly, that he leaves it in doubt whether he has employed an attorney to defend his suit, he must take the consequences.

Neither of these defenses are good after judgment, and any sheriff ought to be familiar enough with the ordinary course of law to know it.   If the sheriff may with impunity take an affidavit of illegality and stop his execution, on a claim that under the settled rules of law is concluded by the judgment, it will be very difficult ever to get money on an execution.

Section 3621 of the Code expressly provides, that if a defendant has had his day in Court, he cannot go behind the judgment, by an affidavit of illegality.   This the sheriff was bound to know; there was no pretence that the defendant had not been served.   We are of opinion that the sheriff erred, and has made himself liable, as for contempt.   He has failed to obey the process of the Court, and he gives no sufficient reason for so doing.

Judgment reversed.