Stanford & Golden *vs.* Bradford *et al.*

STANFORD & GOLDEN, plaintiffs in error, *vs.* J. J. BRADFORD, sheriff, *et al.*, defendants in error.

(BY TWO JUDGES.)—1. In an issue formed on a motion to distribute money between judgments one plaintiff in *fi. fa.*, cannot attack the judgment of another plaintiff in *fi, fa.*, on the ground of irregularities previous to the judgment; the defects to be subject to his objection must be such as are not amendable.

2. In a joint suit against several, if one be not served, the plaintiff may dismiss as to the one not served; and if he go on to the jury and get a verdict, the verdict is good against those served, though there be a failure to dismiss against the defendant not served. The defect is a mere irregularity, and does not make the judgment void. 5th March, 1872.

Attacking Judgments. Before Judge JOHNSON. Muscogee Superior Court. May Term, 1871.

There was in the hands of Bradford, sheriff, a fund raised by the sale of the joint or partnership property of "steamer Chipola and owners." Booher, Fee & Company had the oldest judgment, but Stanford & Golden's counsel introduced the record upon which the judgment was founded, and showed that, 1st. One of the joint owners was never served; and contended, 2d. That the judgment of Booher, Fee & Company was bad, because the record showed that they sued defendants as joint owners upon a credit given to them as partners. The Court ruled that Booher, Fee & Company's judg-

ment being older than Stanford & Golden's, was entitled to the fund. That is assigned as error.

L. T. DOWNING, for plaintiffs in error. As to first point cited: Revised Code, section 2274-5; 12th Georgia Reports, 30; 14th, 589; Booker *vs.* Worrill, July Term, 1871. On the second point: 24 Georgia Reports, 625; 1 Chancery Pleadings, 29.

PEABODY & BRANNON, for defendants. As to amendable defects: 3 Georgia Reports, 81; 23d, 602; 40th, 129; Revised Code, sections 3529, 3532. Judgment binds joint property though but one joint owner served.

McCAY, Judge.

1. This case turns upon the construction to be given to section 3538 of the Code. That section provides that creditors and *bona fide* purchasers may attack a judgment for *any defect* appearing on the face of the record, or pleading, or for fraud or collusion, whenever and wherever it interferes with their rights.

Does this mean that a creditor or *bona fide* purchaser may attack a judgment, etc., for a mere irregularity? That, in one sense of the word, is a defect, it is true; but this section is to be taken with section 3536, which provides that judgments shall not be attacked collaterally for a mere irregularity. It was not the intent of the codifiers to change the old law. And in construing the Code this intention ought not to be assumed. The rule on this subject has long been well settled. For want of jurisdiction a judgment may be attacked collaterally. This may also be done by a stranger if the judgment be so defective as that it is null and void. The distinction between a mere irregularity and a defect which renders the judgment void, is not very definitely established. The best marked distinction we take to be this: A mere irregularity is amendable; under our law, is cured by a judg-

ment; and any thing, which if objected to, could have been amended, does not render the judgment void: McNamera on Nullities and Irregularities, 6.

2. Very clearly this defect, so far as the defendant served is concerned, was amendable under our law. A plaintiff may dismiss any party of several from his suit. The judgment is null against the party not served, but the plaintiff at any time before judgment might have amended by striking out the one not served. Such is the distinct provision of the Code, (section 3435,) whatever may have been the law before. This defect was therefore, under the rule, a mere irregularity, amendable, and not such a defect as renders the judgment void. It cannot, therefore, be attacked collaterally.

Judgment affirmed.