THE AUGUSTA AND SUMMERVILLE RAILROAD COMPANY, plaintiff in error, *vs.* JACOB RENZ, defendant in error.

1. Upon the trial of a suit against a street railroad company for an injury sustained by careless driving over a sharp curve and sudden elevation, it was competent to show that the defendant had altered the curve since the accident.

2. The standing on the platform of a street railroad car, in the absence of notice to the contrary, is not such negligence on the part of the plaintiff as to prevent his recovery for damages sustained by reason of the negligent conduct of the employees of the railroad company.

3. Though a cause of action may be defectively set forth, the defect is cured by the verdict.

4. This court is not prepared to hold that the running of street railroad cars on Sunday, in cities and the vicinity thereof, is not a work of necessity, as contemplated by section 4579 of the Code, and that it is unlawful to run the same on such day.

Railroads.  Evidence.  Negligence.  Pleadings.  Verdict. Sunday.   Before Judge TOMPKINS.   Richmond Superior Court.   April Term, 1875.

Reported in the decision.

FRANK H. MILLER, for plaintiff in error.

H. CLAY FOSTER, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover damages for injuries sustained by him as a passenger whilst being transported on its road, in consequence of the alleged careless, negligent and unskillful management of the defendant, its servants and agents, in operating its cars and coaches upon its said road, whereby he was thrown from its car and his arm broken, to his damage $5,000 00. On the trial of the case, the jury found a verdict for the plaintiff for the sum of $1,250 00. The defendant made a motion for a new trial, on the several grounds therein stated, and also made a motion in arrest of judgment, both of which motions were overruled, and the defendant excepted.

It appears from the evidence in the record that there was a short, steep curve in the defendant's road; that in passing it the driver of the car put whip to the horses drawing it, so as to enable them to surmount the steep curve with the loaded car, which was done so suddenly as to throw the plaintiff off the platform of the car, where he was standing, breaking his arm. The car was full of passengers, some standing on the platform; the plaintiff was standing on the platform of the car when the conductor received his fare.

1. The main question in the case was whether the evidence showed that the plaintiff was injured by the carelessness and negligence of the defendant in conducting its business as the carrier of passengers for hire on its road. The defendant made several requests of the court to charge the jury, which were refused, and instead thereof it charged the jury the law applicable to the facts of the case, as contained in the 3033d and 3034th sections of the Code. We find no error, in view of the evidence contained in the record, in the refusal of the court to charge as requested, or in the charge as given. The sections of the Code before cited embraced the correct principles of the law applicable to the facts in the case. There was no error in allowing the witnesses to testify that since the injury to the plaintiff the defendant had altered the curve in

its road.    The alteration was a fact which it was competent for the plaintiff to prove for the consideration of the jury, subject to be explained by the defendant why the alteration was made.

2. The standing on the platform of a street railroad car, drawn by animal power, is not such an exposure to danger by a passenger as the standing on the platform of a railroad car drawn by a locomotive operated by the power of steam, the more especially, as in this case, when there was no notice given not to stand there.

3. There was no error in overruling the defendant's motion in arrest of judgment.    There was a cause of action set forth in the plaintiff's declaration, and though it may have been defectively set forth, it was cured by the verdict.

4. In view of the dependence of the people for travel, in the cities where street railroads have been established, by that mode of conveyance in going to church, visiting the sick, etc., we are not prepared to hold that the running of street railroads in cities and the vicinity thereof, where the same have been established, on Sunday, is not a work of necessity, as contemplated by the 4579th section of the Code, and that it is unlawful to run the same on that day.

The jury having found in favor of the plaintiff as to the question of negligence and carelessness on the part of the defendant, and as to the fault of the plaintiff, and there being no material errors in the rulings of the court as to the law applicable to the facts of the case, and there being sufficient evidence in the record to sustain the verdict we will not interfere with the exercise of the discretion of the court in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.