### DUNN *vs.* BROGDEN.

68   63
101   479

Where the plaintiff in an execution more than seven years old has had it regularly revived as being dormant, so long as the judgment of revival is unreversed, having been rendered by a court of competent jurisdiction, the fact of dormancy is *res adjudicata*, and is not open to question on a claim case arising under the revived judgment.

Judgments.   *Res Adjudicata.*   Claims.   Before Judge UNDERWOOD.   Gordon Superior Court.   February Term, 1881.

Reported in the decision.

T. C. MILNER; W. K. MOORE, for plaintiff in error.

JAS. McCONNELL; BRAY & GRAY, for defendant.

JACKSON, Chief Justice.

A dormant judgment was revived in a justice court and execution issued thereon was levied, and claim interposed. Objection was made to the *fi. fa.* on the trial of the claim case on the ground that the original judgment, which was ·revived, was not dormant, and therefore illegally revived. The court rejected the *fi. fa.*, ruling that the revived judgment was illegal, and error is assigned on that ruling.

In 57 *Ga.*, 609, it is ruled that " where the plaintiff in a judgment more than seven years old has had it revived by *scire facias*, as having become dormant, it is a lien on defendant's property from the date of revival only, and so long as the judgment of revival is unreversed, the same having been rendered by the court having jurisdiction, the fact that the original judgment was dormant, whether true or false, is *res adjudicata*, and is not open to question on a motion to distribute money arising from the sale of defendant's property. 9 *Ga.*, 117; 10 *Ib.*, 371 ; 13 *Ib.*, 223."

The principle thus announced rules the case made in this record adversely to the judgment of the court below.

True, that was a contest for money ; this is a claim case; but that difference can make no distinction in the application of the principle to the facts. In the one case, as in the other, it was a contest between the judgment creditor and a stranger.

True, too, that was a judgment, of the superior court, this of the justice court ; but the jurisdiction of the justice court appears on the face of the record of the revived judgment, both of the subject matter and of the person—of the subject matter, as the amount of the judgment and the grant of the original judgment are within the jurisdiction of *that* justice court, and of the person, as defendant was served with the *scire facias.*

Judgment reversed.