*William E. Mann,* contra.

---

96. CHAPMAN *v.* TALIAFERRO.

1. A judgment obtained by revival of a dormant judgment by scire facias in the name of a plaintiff as transferee, instead of in the name of the original plaintiff, suing for the use of the transferee, as required by the Civil Code, § 5384, can not be treated as a void judgment, unless it appears that the court rendering such judgment did not have jurisdiction.

2. There can be no judicial inspection behind a judgment to discover defects that could have been cured by amendment. Such irregularities (if not cured by judgment) can only be taken advantage of by a proper proceeding to set aside the judgment.

3. In an issue formed on a motion to distribute money between judgments, one plaintiff in fi. fa. can not attack the judgment of another plaintiff in fi. fa. on the ground of irregularities previous to the judgment. The defects, to be subject to objection, must be such as are not amendable.

4. Consequently, where the revived dormant judgment, dating from its revival, is older than another· judgment, which carries with it no special

lien on the fund, all the questions involved in the revival by scire facias are res adjudicata. The court can not inquire or consider whether any other than the plaintiff in the judgment before him has been plaintiff in the original judgment revived by scire facias, and can only award the fund in dispute to the older lien.

Certiorari, from Catoosa superior court—Judge Fite. February 8, 1906.

Submitted February 11,—Decided February 16, 1907.

*Payne & Payne,* for plaintiff. *J. H. Anderson,* for defendant.

RUSSELL, J. The question involved in this case is the priority of lien between two judgments against S. D. Taliaferro, the husband of the defendant in error, one of which is held by the plaintiff in error as guardian; and the other by Mrs. M. E. Taliaferro, the defendant in error, as transferee. The contest between the contending lienholders started in a justice's court. A horse levied upon as the property of the defendant, under the Chapman fi. fa., was claimed by the wife of defendant, the present defendant in error. Her claim was not sustained, either in the justice's court or in the superior court. The horse was found subject to Chapman's judgment, and was finally sold under the levy of his fi. fa. Chapman brought a rule against the officer who sold the horse, requiring him to pay the money over on his fi. fa., and the defendant in error intervened and was made a party to the rule, and asked that the money be applied to an execution which she held as transferee. Her prayer was refused by the justice, but granted by the judge of the superior court. Mrs. Taliaferro, the defendant in error, as transferee, had the oldest execution, but it was attacked by Chapman as void. The facts as to this fi. fa. are conceded to be as follows: A judgment was obtained by an original plaintiff, not disclosed by the record, against S. T. Taliaferro, which had been transferred in writing to Mrs. Whatley, the mother-in-law of the defendant; this judgment became dormant; Mrs. Whatley sought to revive it, the scire facias being in her own name as transferee; the judgment was duly revived, and the revival was placed on the record in Gordon county, where it was first obtained, and on the general execution docket in Catoosa county, where S. D. Taliaferro lived. All of this had been done before the debt was created, out of which Chapman's judgment grew. Chapman attacked this judgment, on the ground that it

ought to have been in the name of the original plaintiff, for the use of the assignee, as provided in the Civil Code, § 5384. The justice's court sustained this contention and awarded the money to the younger judgment. Mrs. Whatley in the meantime had transferred it to her daughter, the wife of the defendant, who carried the case by certiorari to the superior court; which court sustained the certiorari and awarded the money to Mrs. Taliaferro; and to this judgment plaintiff in error excepts. The question in the case, then, is whether the fi. fa. and the judgment on which it was issued were void by reason of the fact that the dormant judgment was revived, not in the name of the original plaintiff, for the use of the transferee, as is required by § 5384 of the code, or whether its revival and proceeding in the name of the transferee is merely such an irregularity as would protect the judgment from collateral attack.

There is no question that the requirement of § 5384 is plain, and that it is intended, where a judgment has been assigned and has become dormant, that the scire facias to revive it shall proceed in the name, not of the transferee, as in this case, but in the name of the original plaintiff, for the use of the transferee. Section 5380 declares that scire facias to revive a dormant judgment is not an original action, but a continuation of the suit upon which the judgment was obtained, and is based upon a record. Where a dormant judgment has been revived, it is a lien on the defendant's property from the date of revival only. *Foster* v. *Reid, 57 Ga.* 609; *Dunn* v. *Brogden, 68 Ga.* 63. There can be no question, then, that in this case the dormant judgment, dating from its revival, March 6, 1901, is an older lien than the judgment in favor of the plaintiff in error, which was rendered June 27, 1904; and unless the older judgment is void, the judgment of the superior court in awarding the funds in the hands of the constable to the defendant in error was right. The line of demarcation between a *void judgment* and a *judgment voidable* is not always plainly apparent. It has perhaps not been very definitely established in this State. *Stanford* v. *Bradford, 45 Ga.* 97. "A judgment that is void may be attacked in any court, and by anybody. In all other cases judgments can not be impeached collaterally, but must be set aside by the court rendering them." Civil Code, § 5373. "Creditors or bona fide purchasers may at-

tack a judgment for any defect appearing on the face of the record or pleadings, . . whenever and wherever it interferes with their rights." Civil Code, §5371. These sections must be construed together, to enable us to know when and how a judgment can be attacked as being void. We shall not attempt to summarize what is included in the words "void for any other cause," following the statement of the well-known principle that the judgment of a court having no jurisdiction of the person and subject-matter is a mere nullity, as laid down in §5369, but it is fundamental that the judgment of a court of competent jurisdiction can not be collaterally attacked in any other court for *irregularity*, but shall be held a valid judgment until reversed or set aside. Civil Code, §5368. The question then is, was the fi. fa. revived by scire facias void, because the transferee proceeded by a scire facias in her own name, instead of in the name of the original plaintiff, for her use; or was this such an irregularity as is protected from attack?

One of the tests which can be applied to determine whether a judgment is void is whether it can be set aside by motion in arrest of judgment. If the judgment can be arrested by motion it is always void. But a third person, not a party to the record, can not move to set aside a judgment not against him. This right appertains only to a party to the case. Civil Code, §5362; *Merchants' Bank* v. *Haiman, 80 Ga.* 624. Chapman, then, could not have made a motion in arrest as to the judgment transferred to Mrs. Taliaferro, because he was no party to it; and therefore this test can not be applied in this case. But if he had been a party, the motion in arrest could be sustained only for defects appearing on the face of the pleadings, which could not be cured by amendment nor aided by verdict. The pleadings must be so defective that no legal judgment can be rendered thereon. *Merritt* v. *Bagwell, 70 Ga.* 578. If, then, Chapman had, during the term, moved to arrest the judgment, and had been a party thereto, he would not have succeeded; because the scire facias was amendable by substituting the name of the original plaintiff, suing for the use of the transferee. Civil Code, §§5105-5108. It is conceded that the superior court of Gordon county had jurisdiction, and hence the judgment was not voided on that account.

The rule for determining whether this revived judgment is or

is not void, it would seem, should be analogous to the decision in *Dunn* v. *Brogden*, 68 *Ga.* 63, which says that, "so long as the judgment of revival is unreversed, the same having been rendered by the court having jurisdiction, the fact that the original judgment was dormant, whether true or false, is res adjudicata, and is not open to question on a motion to distribute money arising from the sale of defendant's property." It is true that the subject of attack in the case cited was, whether the judgment was more than ten years old (and the same question was passed on in 9 *Ga.* 117, 10 *Ga.* 371, and 13 *Ga.* 223); whereas in this case the objection made is that the scire facias proceeded contrary to §5384 of the code, and judgment was revived in behalf of the wrong plaintiff. But the principle is the same. By the provisions of §3761 of the code, and the ruling in *Seibels* v. *Hodges*, 65 *Ga.* 245, it is absolutely necessary that a dormant judgment shall be revived in three years from its dormancy; just as much so as it is required by §5384 that the plaintiff in scire facias (where the judgment has been transferred) shall be the original plaintiff for the use of the transferee. After judgment, the failure to comply with either of these requirements in a given case does not render the judgment void, but it is to be treated as an irregularity which can be reached and taken advantage of only in a proceeding brought for that express purpose. The plaintiff in error relies on §5371, and insists that creditors may attack a judgment for any defect appearing on the face of the record where it interferes with their right. In *Stanford* v. *Golden*, 45 *Ga.* 98, Judge McCay, construing §5371 (then §3596), says: "Does this mean that a creditor or bona fide purchaser may attack a judgment, etc., for a mere irregularity? That, in one sense of the word, is a defect, it is true; but this section is to be taken with §3536, which provides that judgments shall not be attacked collaterally for a mere irregularity. It was not the intent of the codifiers to change the old law. And in construing the code this intention ought not to be assumed. The rule on this subject has long been well settled. For want of jurisdiction a judgment may be attacked collaterally. This may also be done by a stranger if the judgment be so defective as that it is null and void. The distinction between a mere irregularity and a defect which renders the judgment void is not very definitely established. The best

marked distinction we take to be this: A mere irregularity is amendable; under our law, is cured by a judgment; and any thing which, if objected to, could have been amended, does not render the judgment void. McNamara on Nullities and Irregularities, 6." "To set aside a judgment rendered by a court having jurisdiction to adjudicate a question, a direct proceeding must be had." *Dunagan* v. *Stadler,* 101 *Ga.* 479. To the same effect are the rulings in *Dill* v. *Jones,* 3 *Ga.* 79; *Steers* v. *Morgan,* 66 *Ga.* 552, 555; *Moss* v. *Stokeley,* 95 *Ga.* 675, 678; *Artope* v. *Macon R. Co.,* 110 *Ga.* 346, 348. From the above it appears that the decision of the justice's court, in awarding the fund to the plaintiff in error, was wrong; and the judgment of the superior court, sustaining the certiorari, was right.          *Judgment affirmed.*