## 2680.   SOUTHERN RAILWAY COMPANY *v.* MORRISON.

1. The failure of a petition to show jurisdiction is an amendable defect; and if the delinquency is not challenged by demurrer, it is so cured by the verdict that motion in arrest of judgment will not lie therefor.

2. Where a motion for nonsuit, or for a dismissal in the nature of a nonsuit, is overruled, and the defendant thereafter introduces evidence by which the deficiency in the plaintiff's evidence is cured, the error, if any, in overruling the motion for nonsuit is also cured.

3. If a person delivers a commodity to a railroad company for shipment from one county in this State to another, and the commodity is never shipped, and the evidence is such as to authorize the inference that the company or some of its agents made way with the commodity without

shipping it from the point where it was delivered to the carrier, an action of trover and conversion may be maintained against the carrier in the county where the delivery to the carrier and the conversion took place.

4. The evidence authorized the verdict.

DECIDED JANUARY 31, 1911.

Trover; from city court of Forsyth—Judge Clark.    April 30, 1910.

*Harris & Harris,* for plaintiff in error.

*Willingham & Willingham,* contra.

POWELL, J.    1. The petition alleged that the plaintiff delivered to the Southern Railway Company, at Dames Ferry, three bales of cotton to be shipped to Macon, Ga., and that the defendant had converted it.    As the petition nowhere discloses on its face that the cotton was delivered to the railroad company in Monroe county, or that Dames Ferry is in that county, where the suit was instituted, and nowhere affirmatively discloses that the conversion took place in that county, it would have been subject to demurrer for failure to show jurisdiction; but failure to show jurisdiction in the petition is an amendable defect.    Civil Code of 1895, § 5098. Since it is an amendable defect, it is cured by verdict, and a motion in arrest of judgment will not lie.

2.    At the conclusion of the plaintiff's evidence the defendant made a motion for a nonsuit.    We incline to the view that as the evidence then stood, nonsuit should have been granted.    That the ruling may be understood, these facts and matters of law should be kept in mind: A person who has delivered goods to a carrier for shipment from one county in this State to another may, where the goods have not been delivered at destination, choose his venue by varying the form in which his action is brought.    He can sue ex contractu in the county where the contract of shipment is made, or in the county where the contract is to be performed, that is, the county of the destination of the shipment.    He can sue ex delicto for the carrier's failure to discharge its public duty of delivering the goods at the place of destination, and in that event the suit should be brought in the county where the delivery was to be made.    If he can show an affirmative tort, can show that the goods were in fact wrongfully converted by the carrier in some other county than that of the destination of the shipment, he may sue in the county where the wrong took place, making the par-

ticular wrong itself, and not the breach of public duty in failing to deliver, the basis of his cause of action. The plaintiff's case in the present instance rested on this last theory, not that the carrier had merely failed to discharge its public duty of delivering the cotton at Macon, but had committed a conversion of it in the county of Monroe. At the conclusion of the plaintiff's evidence it did not affirmatively appear that the cotton had not been shipped away from the county of Monroe. This being true, the plaintiff failed to show venue; hence, as we have said, the motion for nonsuit should have been granted. But when the defendant's evidence came in, this delinquency was cured, for it was shown not only that the cotton had never been received at Macon, but that the records of the defendant company showed that it had never been shipped away from the county of Monroe. The rule is well settled that, though there may be a deficiency in the plaintiff's proof, for which a nonsuit should be granted, and the court erroneously overrules a motion for nonsuit, yet if further evidence is introduced which cures the deficiency, the error is cured. As to this, the evidence will be viewed as a whole.

3. If the plaintiff's evidence itself failed to make out a case, the defendant supplied the deficiency, because when the plaintiff showed only that the cotton had been delivered to the carrier at Dames Ferry, which is stated to be in Monroe county, and had not been delivered at Macon, which is in Bibb county, thus showing the loss, but not necessarily the conversion, the defendant came in and showed that the cotton had never been shipped out of Monroe county. It is true that this testimony was put in by the defendant company for a purpose very material to its defense—for the purpose of showing that it had never received the cotton at all; but with this evidence in, the issue narrowed considerably. The only material question then left in the case was, did the plaintiff ever deliver the cotton to the carrier for transportation? If the cotton was delivered to the carrier for transportation, and if it appears not only that the carrier did not transport it at all, but can not produce it, and has not otherwise accounted for the loss, the only natural presumption is the one authorized by the law against all bailees—that of a conversion. And it is pertinent to note in this connection that the railroad company never produced the agent to whom the cotton was delivered nor made any

attempt to account for his absence. When a bailee receives property for a special purpose and the evidence discloses that it has been diverted from that purpose, a presumption of conversion arises, until the bailee makes something else appear. And as the defendant's · own testimony affirmatively disclosed that the presumed conversion took place at the point of shipment and not elsewhere, it consequently disclosed that if the plaintiff had a cause of action, he had one that lay within the venue where the suit was pending. It is immaterial that the plaintiff afterwards went to Macon and demanded his cotton there. While demand and refusal to deliver are evidence of conversion, they do not necessarily constitute the conversion itself, for the conversion may have taken place elsewhere.

4. The evidence authorized the verdict. The only issue left in the case after the defendant's proof came in was whether the plaintiff had delivered the cotton to the defendant's agent or not. Upon this question the proof was in conflict. The charge of the court very fairly, plainly, and distinctly stated to the jury the burden resting upon the plaintiff as to this issue. If there was error as to his statement of other matters, or of principles of law relating to other matters, the error was immaterial. The trial being unimpeachable, so far as the controlling issue is concerned, it is unnecessary for us to examine errors as to matters which do not affect that issue.                *Judgment affirmed.*