### 17681.  WEEMS *et al. v.* KIDD.

BELL, J.  1.  Where on a sale of land the purchaser pays a part of the purchase-money in cash and receives from the seller a bond for title obligating the seller to convey the land on payment of the balance of the purchase-money, the purchaser has a beneficial or equitable estate in the land, and where the purchaser dies intestate the estate passes directly to his heirs at law.  *Stonecypher* v. *Coleman,* 161 *Ga.* 403 (131 S. E. 75) ; *Gholston* v. *Northeastern Banking Co.,* 158 *Ga.* 291, 293 (123 S. E. 111, 35 A. L. R. 23) ; *Dunson* v. *Lewis,* 156 *Ga.* 692, 700 (119 S. E. 846) ; Civil Code (1910), § 3929.

2.  On subsequent breach of the bond for title by sale of the land to another, such heirs at law may treat the contract as rescinded and sue the obligor for the purchase-money paid (*Hill* v. *Maffett,* 3 *Ga. App.* 89, 59 S. E. 325), and in such a case it is not necessary that they proceed through an administrator.  The petition under consideration in this case alleged, among other things, that the plaintiff's intestate owed no debts at the time of his death, but failed to allege either that there was no administration on his estate or that the suit was consented to by the administrator.  If the petition was defective for failure to allege either of these facts, the defect was amendable, especially in the municipal court of Atlanta, and, being amendable, was cured by the judgment in favor of the plaintiffs.  Ga. L. 1925, p. 370, § 37(c) ; *Yopp* v. *A. C. L. R. Co.,* 148 *Ga.* 539 (2) (97 S. E. 534) ; *Stone* v. *Edwards,* 32 *Ga. App.* 479, 483 (124 S. E. 54).

3.  When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings.  Civil Code (1910), § 5957.  A judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict, or amendable as matter of form.  Civil Code (1910), § 5960.

4.  Applying the above-stated principles to the facts of this case, the judgment in favor of the plaintiffs was valid and binding, and the municipal court erred in sustaining the defendant's motion in arrest of the same.  The superior court erred in not sustaining the certiorari.

*Judgment reversed.  Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 16, 1927.  REHEARING DENIED JULY 13, 1927.

Certiorari; from Fulton superior court—Judge Howard.  September 13, 1926.

*Noah J. Stone,* for plaintiffs.  *H. A. Allen,* for defendant. .

Descent and Distribution, 18 C. J. p. 814, n. 74; p. 877, n. 20; p. 881, n. 79; p. 900, n. 94, 5.

Judgments, 34 C. J. p. 31, n. 7; p. 32, n. 11; p. 34, n. 41.