23653. ROLLINS *v.* PERSONAL FINANCE COMPANY.

DECIDED JULY 19, 1934.

*Isaac S. Peebles Jr., Nathan Jolles,* for plaintiff in error.
*John F. Hardin, Hammond & Kennedy,* contra.

JENKINS, P. J. 1. The right of a plaintiff to recover in an action of trover depends upon the strength of his own title (*Central Bank* v. *Ga. Grocery Co.,* 120 *Ga.* 883, 885, 48 S. E. 325; *Perdue* v. *Griffin,* 32 *Ga. App.* 100, 122 S. E. 713), or upon his right of possession lawfully acquired under and by virtue of a contract. *Trotti* v. *Wyly,* 77 *Ga.* 684; *Owens* v. *Outlaw,* 105 *Ga.* 477

(30 S. E. 427) ; *Dudley* v. *Isler,* 21 *Ga. App.* 615 (3) (94 S. E. 827) ; *Jones* v. *McCowen,* 34 *Ga. App.* 801 (131 S. E. 290). The failure of a petition in trover to allege that the plaintiff had either such title or right of possession, while rendering the petition demurrable, constitutes merely an amendable defect. *Turner* v. *Plottel,* 45 *Ga. App.* 621 (3) (166 S. E. 31) ; *Carter* v. *Vinson,* 17 *Ga. App.* 469 (87 S. E. 692).

2. "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable, which appears on the face of the record or pleadings." Civil Code (1910), § 5957. "If the pleadings are so defective that no legal judgment can be rendered, the judgment will be arrested or set aside." Civil Code, § 5959. "A judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict, or amendable as matter of form." § 5960. A petition, although defective and although subject to general demurrer, in that it omits to set forth all the necessary ingredients of a cause of action, will not render the judgment based thereon subject to the technical statutory remedy of a motion in arrest of judgment, unless it be that the petition shows on its face that a cause of action did not in fact exist, or that the petition is so utterly defective that it could not be amended at all, or that the defect in the petition is of such character as renders unenforceable or meaningless the verdict and judgment based thereon. This must be the rule, for the reason that, save for the exceptions stated, the defects in the pleadings are cured by the verdict, on the theory that there is a conclusive presumption that the jury had before it sufficient evidence to authorize the verdict on every essential ingredient, necessary for its rendition, which would have been admissible or relevant under any proper amendment. See, in this connection, *Tietjen* v. *Merchants National Bank,* 117 *Ga.* 501 (3) (43 S. E. 730) ; *Fitzpalrick* v. *Paulding,* 131 *Ga.* 693 (63 S. E. 213) ; *Merritt* v. *Bagwell,* 70 *Ga.* 578 (3) ; *Wicker* v. *Schofield,* 61 *Ga.* 135 ; *Wilson* v. *Stricker,* 66 *Ga.* 575 (2, 4), 578, 579; *Varnell* v. *Speer,* 55 *Ga.* 132, 133; *Slanford* v. *Bradford,* 45 *Ga.* 97, 98, 99; *So. Ry. Co.* v. *Morrison,* 8 *Ga. App.* 647, 648 (70 S. E. 91) ; *Chapman* v. *Taliaferro,* 1 *Ga. App.* 235, 238 (58 S. E. 128) ; *Holmes* v. *Reville,* 27 *Ga. App.* 552 (109 S. E. 417) ; *Weems* v. *Kidd,* 37 *Ga. App.* 8 (2) (138 S. E. 863) ; *Hayes* v. *American Bankers Ins. Co.,* 46 *Ga.*

*App.* 552 (167 S. E. 731). The decisions that appear to be based mainly upon the case of *Kelly* v. *Strouse,* 116 *Ga.* 872 (5, *a*), 884 (43 S. E. 280), to the effect that a defendant who passes over, without demurring to a petition which is fatally defective in that it does not set forth a cause of action, may not only upon this ground still attack the same by an oral motion to dismiss before verdict, and by a direct writ of error sued out in due time assigning error on the judgment, but may also upon such ground make a motion in arrest of judgment during the term at which the judgment was rendered, and may move to set aside the judgment within three years after its rendition, when properly construed, are not in conflict with this ruling or the authorities just cited. The opinion in the *Kelly* case does not seem to refer to an incomplete statement of a cause of action which is incomplete because of the omission of some essential element, but to a case where there is an actual "want of a cause of action." Such was the fact in *Tolbert* v. *Tolbert,* 41 *Ga. App.* 737 (154 S. E. 655), where it is expressly stated that it affirmatively appeared that the right to sue upon the cause of action was not in the plaintiff. The rule stated in the *Kelly* case was repeated in *O'Connor* v. *Brucker,* 117 *Ga.* 451 (3), 453 (43 S. E. 731), but in the opinion it was said, "Of course, in such cases every intendment will be in favor of the verdict, and all amendable defects will have been cured thereby. It is at defendant's peril that he allows the verdict to go against him by default. He will often be bound though the petition may have been subject to demurrer." In *Jones* v. *Harris,* 151 *Ga.* 129 (106 S. E. 555), and *Harbin* v. *Hunt,* 151 *Ga.* 60 (3, *a, b*) (105 S. E. 842), the defects of the petition in failing to identify the land or property sued for were such as necessarily must have been carried forward into the verdict and judgment, so as to render the verdict and judgment themselves unenforceable or meaningless. See also, in this connection, *Orme* v. *King,* 60 *Ga.* 523, 524. While the syllabus in *Sheffield* v. *Causey,* 12 *Ga. App.* 588, 589-591 (77 S. E. 1077), is somewhat broad and sweeping in its language, the decision in that case was manifestly planted upon the theory that the petition was not amendable, and it seems to have been expressly recognized that, if it had been subject to amendment, the defect would have been cured by the verdict.

3. The motion showing no meritorious ground of defense, but the ground of attack being based solely upon an amendable defect

cured by the verdict, the court did not err in refusing to arrest the judgment rendered for the plaintiff.

Although the defendant's motion in arrest of judgment contained other grounds, his counsel state in their brief that "there is only one issue in the case, and that is that the petition was so defective that no valid judgment could be rendered in the case, and that his motion on the ground that the petition set forth no cause of action should have been sustained." The question here decided is therefore controlling. It might be pointed out that the motion in arrest itself indicates on its face that the plaintiff actually had the right of possession, and that no contest thereon was or could have been made, since the defendant himself alleges that, prior to the suit, he advised the plaintiff to take possession of the property described in the petition, but that the plaintiff refused to take possession merely for the purpose of obtaining a money judgment against the defendant. But whether such an averment by the movant would have any bearing upon the case, it is not thought necessary to determine.

*Judgment affirmed. Sutton, J., concurs. Stephens, J., dissents from rulings, but concurs in the judgment.*

STEPHENS, J., concurring specially. On the authority of *Sheffield* v. *Causey,* 12 *Ga. App.* 588 (77 S. E. 1077), I dissent from the rulings announced. Since, however, in the defendant's motion to arrest the judgment facts are alleged which show that the plaintiff did have the right to recover the property in trover, I concur in the judgment affirming the dismissal of the defendant's motion to arrest.