## BURCH *v.* DODGE COUNTY *et al.*

JENKINS, Justice. 1. "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." Code, § 110-702. "If the pleadings are so defective that no legal judgment can be rendered thereon, the judgment will be arrested or set aside." § 110-704. "A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." § 110-705. Under the rule last stated, a petition, although defective and although subject to general demurrer, in that it omits to set forth all the necessary ingredients of a cause of action, will not render the judgment based thereon subject to be set aside on a motion made for that purpose, unless it be that the petition shows on its face, not only that no cause of action is set forth, but that a cause of action did not in fact exist. *Merritt* v. *Bagwell,* 70 *Ga.* 578 (3), 595; *Stanford* v. *Bradford,* 45 *Ga.* 97, 98; *Fitzpatrick* v. *Paulding,* 131 *Ga.* 693 (63 S. E. 213); *Weems* v. *Kidd,* 37 *Ga. App.* 8 (2, 3) (138 S. E. 863); *Chapman* v. *Taliaferro,* 1 *Ga. App.* 235, 238 (58 S. E. 128); *So. Ry. Co.* v. *Morrison,* 8 *Ga. App.* 647, 648 (70 S. E. 91); *Rollins* v. *Personal Finance Co.,* 49 *Ga. App.* 365, 366 (175 S. E. 609), and cit.

2. The motion to set aside a final decree in equity asserts that the record of the original case, a copy of which is attached to the present motion, shows on its face that the decree as rendered was unauthorized and therefore void, in that certain facts essential to sustain the decree were omitted therefrom, and that other essential facts were negatived by the

decree and the record. There is no merit in the first of these contentions, since the matters omitted were obviously such as could have been supplied by amendment; and under the statute governing the setting aside of judgments, if the decree could have been amended, it was in legal effect amended. Nor is there merit in the second contention, that the decree shows on its face that it could not have been legally rendered. The fact that in the former proceeding the movant may have pleaded the absence of essential facts, and may now support his pleading with affidavits, is not the equivalent of showing that such facts were undisputed, or that the court made a finding in his favor with respect thereto.

3. Moreover, irrespective of the preceding rulings, it appears that the equitable decree now sought to be set aside was entered upon the written consent of counsel on both sides. This being the case, the decree will be given force and effect in the absence of a showing that it was rendered through fraud, accident, or mistake, none of which appears. *Goolsby* v. *Goolsby*, 146 *Ga.* 763, 766 (92 S. E. 521) ; *Howell* v. *Howell*, 188 *Ga.* 803, 805 (4 S. E. 2d, 835), and cit.

4. Under the foregoing rulings, the court properly dismissed on general demurrer the motion to set aside the previous final decree.

*Judgment affirmed. All the Justices concur.*

No. 14103. MAY 21, 1942.

892

*R. Berner Williams* and *G. H. Williams,* for plaintiff.
*Will Ed. Smith* and *Hal M. Smith,* for defendants.