STOWERS *v.* HARRIS.

No. 14157. SEPTEMBER 22, 1942. REHEARING DENIED OCTOBER 16, 1942.

638

*Robert L. Evans,* for plaintiff in error.   *J. C. Bowden,* contra.

ATKINSON, Presiding Justice.   The pleading filed by the plaintiff in error, the refusal to grant which is assigned as error, was denominated by her as a "motion to set aside the verdict and judgment and arrest same." The prayers were: "1. That the verdict and judgment in this case be set aside. 2. Arrest of judgment in said matter." No demurrer was filed. The paper can not be treated as a motion for new trial, because it was not accompanied by a brief of evidence. *Firemen's Insurance Co.* v. *Oliver,* supra. Nor does it contain sufficient allegations to have it treated as a petition in equity brought under the Code, § 110-710, to set aside the decree for fraud, accident, or mistake, or the acts of the adverse party unmixed with negligence or fault of the complainants. *McCall* v. *Miller,* 120 *Ga.* 262 (supra); *Bank of Doerun* v. *Fain,* 148 *Ga.* 799 (supra). Treated as a motion to set aside the judgment, or as a motion in arrest, or both, it is unavailable unless predicated upon facts appearing on the face of the record. *Ayer* v. *James,* 120 *Ga.* 578 (supra), and cit; Code, §§ 110-702, 110-703. Even if based on facts so appearing, the governing rule, crystalized into Code § 110-704, is: "If the pleadings are so defective that no legal judgment can be rendered thereon, the judgment will be arrested or set aside." A petition can not be said to be so defective that no legal judgment can be rendered thereon, when an amendment would have perfected it. See *Oliver* v. *Firemen's Insurance Co.,* 42 *Ga. App.* 99 (155 S. E. 227); *Weems* v. *Kidd,* 37 *Ga. App.* 8 (138 S. E. 863). The language of the Code, § 110-705, is: "A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form."

A cause of action defectively set forth is a defect cured by verdict. *Augusta & Summerville Railroad Co.* v. *Renz,* 55 *Ga.* 126 (3). Where a general cause of action is set out and not demurred to, the judgment will not be arrested, although the elements of damages are insufficiently alleged. *Moss* v. *Fortson,* 99 *Ga.* 496 (27 S. E. 745). It was held by the Court of Appeals of this State, in *Rollins* v. *Personal Finance Co.,* 49 *Ga. App.* 365 (175 S. E. 609), where many authorities are listed, that the failure in a petition in a trover suit to allege title or right of possession in the plaintiff was not ground for motion in arrest, the defect being

amendable. The sound rule on the subject was stated as follows: "A petition, although defective and although subject to general demurrer in that it omits to set forth all the necessary ingredients of a cause of action, will not render the judgment based thereon subject to the technical statutory remedy of a motion in arrest of judgment, unless it be that the petition shows on its face that a cause of action did not in fact exist, or that the petition is so utterly defective that it could not be amended at all, or that the defect in the petition is of such character as renders unenforceable or meaningless the verdict and judgment based thereon. This must be the rule, for the reason that, save for the exceptions stated, the defects in the pleadings are cured by the verdict, on the theory that there is a conclusive presumption that the jury had before it sufficient evidence to authorize the verdict on every essential ingredient, necessary for its rendition, which would have been admissible or relevant under any proper amendment."

It is contended that the motion to set aside and the motion in arrest here involved should be sustained because of what appears in paragraphs 14 and 15 of the petition on which the decree was rendered. The contents of those paragraphs are set forth above. If in any view of the matter those allegations can not be said to negative the cause of action the plaintiff elsewhere set out, the motion should be denied. The rule that pleadings are to be construed most strongly against the pleader is applicable before judgment, and can not be properly invoked when a petition is being examined in order to determine whether a motion in arrest should prevail. The two paragraphs above referred to show that there were two prior suits between the parties, concerning the same subject-matter, both of which were decided adversely to the defendant in error. This alone would not preclude her right to pursue the third time the same remedy on the same cause of action against the same party. In order for a prior adverse judgment to serve as an estoppel, it must have been an adjudication on the merits. *Sumner* v. *Sumner,* 186 *Ga.* 390 (197 S. E. 833). As to the first of the two prior suits, it is alleged that the "action was dismissed without being adjudicated on its merits, and was dismissed by order of the court because the same was not amended as directed by the court." It therefore appears that as to the first suit there was no adjudication on the merits. As to the second suit, it was alleged that

"thereafter plaintiff by the same attorneys filed another action in this court, which action was and is a repetition of the first action, numbered as aforesaid,  .  .  which action was also dismissed by the court on a plea of res adjudicata;  .  .  and plaintiff alleges that the merits of the questions alleged herein as to plaintiff's right in and to said property described hereinbefore has never been adjudicated." Fairly construed, the reference to the latter suit and the judgment thereon amounted to this: The first suit having been dismissed because a certain amendment required by the judge was not made, an identical second suit containing the same defect was filed. This second suit was met by a plea of res adjudicata. In view of what precedes, the statement that a plea of res adjudicata was filed and sustained can mean nothing more than that the plea of res adjudicata pointed out that an identical suit had been dismissed on technical grounds, and therefore that the plaintiff in the second suit, following the first, was estopped from again contending that her petition, lacking the suggested amendment, was good. In neither instance could it be said that the third suit contained allegations which showed that the plaintiff was concluded by the former adjudication from having the merits of his last suit passed upon. It was not error to dismiss the motion.

*Judgment affirmed. All the Justices concur, except Reid, C. J., and Duckworth, J., who dissent.*