37120.   STEFANICK *v.* OUELLETTE.

Decided May 20, 1958.

*J. Walter Cowart,* for plaintiff in error.
*Robert J. Duffy, Nelson Haslam,* contra.

FELTON, Chief Judge. Though the petition was a Jack Jones form, it was good as against a general demurrer and was not defective so that a legal judgment could not be rendered thereon. The plaintiff in error contends that since the bonds sued for are nonnegotiable and must by their nature contain the name of the owner of the bond, the descriptions of the bonds were inadequate because the petition did not show that the bonds were issued in the name of the plaintiff. This contention is without merit since, assuming for the sake of argument that the description of each bond should have contained the name of the person to whom the bond was issued, this information could have been supplied by an amendment to the petition. See *Rollins* v. *Personal Finance Co.*, 49 *Ga. App.* 365 (175 S. E. 609).

A brief of the evidence did not accompany the record, but the bill of exceptions recites that, on the hearing, three Government bonds bearing different numbers from those sued for were exhibited to the court as being the bonds which the defendant had in her possession at that time and that the bonds as numbered in the petition were not in the possession of the defendant. This does not exclude the possibility that the defendant had been in possession of the bonds described in the petition and had wrongfully disposed of them or lost them, etc. Too, assuming for the sake of argument that the bonds exhibited by the defendant to the court at the time of the hearing on the motion were the bonds for which recovery was sought, the plaintiff could have by amendment shown in her petition the correct numbers of the bonds which were in the possession of the defendant. *Small* v. *Wilson*, 20 *Ga. App.* 674 (1) (93 S. E. 518).

Actually, the motion in arrest and the statements made by counsel on the hearing as set out by the bill of exceptions contained matters which were in defense of the plaintiff's action and which properly should have been set out in defensive pleadings filed in the action. Matters purely defensive and going in denial of the plaintiff's right to recover do not afford grounds to vacate or set aside a judgment. *Thomas* v. *Bloodworth*, 44 *Ga. App.* 44 (2) (160 S. E. 709). See also *Aiken* v. *Richardson*, 209 *Ga.* 837 (76 S. E. 2d 393), and *Hardwick* v. *Hatfield*, 30 *Ga. App.* 760 (1) (119 S. E. 430).

646

Since nowhere in the motion was it alleged that the judgment sought to be arrested was procured by accident, mistake or fraud or through any defect not amendable appearing on the face of the record or pleadings or by perjury or any other irregularity, the motion was without merit. *Chambless* v. *Oates Plumbing &c. Co.*, 97 *Ga. App.* 80 (102 S. E. 2d 83).

The court did not err in denying the motion in arrest of judgment.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*