## 38586.  WALTHOUR v. MOCK.

FRANKUM, Judge.  1.  Plaintiff filed an action on a note against the defendant.  The defendant failed to file any defensive pleadings, and a judgment was taken on August 10, 1959.  On August 9, 1960, the defendant filed a motion to set aside the judgment, which motion contains allegations that the "plaintiff as a privey [sic] to the First Finance Corporation" had filed a prior suit upon the same cause which had terminated in favor of the movant when a general demurrer was sustained to the petition; that such judgment has never been set aside; that the movant had no knowledge of the instant case in order that he might file his plea of res judicata, and that the judgment obtained in the instant case is void.  The motion has attached thereto, as an exhibit, a copy of the prior suit. The trial court overruled the motion, and the defendant assigns such ruling as error.

2.  The record in the instant case does not show any facts of the prior suit other than those contained in the allegations of the motion, or any defect on the face of the record or pleadings.  The motion to set aside is without merit.  *Tobin v. Tobin,* 212 Ga. 205 (91 S. E. 2d 508).  "A judgment may be vacated for fraud, accident or mistake, unmixed with the negligence or fault of the complaining party." *Dugan v. Mc-Glann,* 60 Ga. 353.  The record discloses service of a copy of the petition and process upon the defendant in a method provided by law.  Such service was not traversed, and it must be presumed that such service was valid.  *Jewell Tea Co. v. Pattillo,* 50 Ga. App. 620 (178 S. E. 925); *Drake v. Brown*

*Mfg. Co.,* 121 Ga. 550 (49 S. E. 590). The record in this court affirmatively shows the prior suit was brought by a corporation and not by the plaintiff in this suit. While not passing upon the question of whether a plea of res judicata would be meritorious, the court notes that the defendant failed to file a plea of res judicata at the appropriate time, but relies upon res judicata as a ground for the present motion. Such are matters which are purely defensive and do not afford grounds to vacate or set aside the judgment. *Stefanick v. Ouellette,* 97 Ga. App. 644 (104 S. E. 2d 156). "When a party has been afforded an opportunity to be heard, the court can not suspend or vacate its judgment merely to let in a defense which should have been offered before the judgment was entered." *Hurt Building, Inc. v. Atlanta Trust Co.,* 181 Ga. 274, 283 (182 S. E. 187). The movant has shown neither fraud, mistake nor accident. The trial court did not err in overruling the motion.

*Judgment affirmed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*

DECIDED DECEMBER 5, 1960.

*Lewis L. Scott,* for plaintiff in error.
*Nelson Haslam,* contra.