## 39356. WHITLEY v. CURRINGTON.

CARLISLE, Presiding Judge. 1. Where a default judgment has been rendered under the provisions of *Code Ann.* § 110-401, as amended, after the time for opening the default has passed, the defendant may move in arrest thereof for any defect not amendable which appears on the face of the record or pleadings, but such judgment may not be arrested or set aside for any defect in the pleadings that is aided by the verdict. *Code* §§ 110-702, 110-705. Under the foregoing sections, a motion in arrest of judgment based solely on a deficiency in the petition on which the judgment was rendered is insufficient where such motion and the record fail to show, in addition to the fact that the petition did not state a cause of action, the further fact that no cause of action existed. *Mell v. McNulty*, 185 Ga. 343, 344 (1) (195 SE 181); *Burch v. Dodge County*, 193 Ga. 890 (1) (20 SE2d 428).

2. The petition in the instant case upon which default judgment was rendered, when construed most strongly to uphold the verdict and judgment (*Stowers v. Harris*, 194 Ga. 636, 639, 22 SE2d 405), was a suit by the mother of the defendant's deceased wife to recover from the defendant the reasonable and necessary funeral expenses paid by her. Under the common-law rule obligating a husband to provide his wife with necessities suitable to her condition in life, this was an absolute obligation of the husband living with his wife at the time of her death. *Kenyon v. Brightwell*, 120 Ga. 606, 609 (3) (48 SE 124, 1 AC 169); *Harris v. Berry*, 49 Ga. App. 235 (1) (174 SE 813). It does not affirmatively appear from the record that no cause of action existed in favor of the plaintiff so as to authorize the trial court to arrest the judgment on motion made at the same term of its rendition. The plaintiff in error relies on the ruling in *Harris v. Berry*, 49 Ga. App. 235, 236 (4), supra, and *H. M. Patterson & Son v. Payne*, 90 App. 699 (83 SE2d 841). Those cases were suits

by funeral directors who had furnished the funerals on the credit of third parties, and under circumstances showing no assumption of liability to the plaintiffs by the husbands sued. While under those cases the husband is not liable to one with whom he did not contract for the funeral expenses, those cases do not constitute a ruling that the husband can, by merely refusing to provide a funeral for his wife and by shifting the burden of making arrangements for the funeral to others, entirely escape his absolute obligation to provide his wife with a decent burial. Accordingly, the trial court did not err in entering a judgment overruling and denying the motion in arrest of judgment.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

DECIDED APRIL 3, 1962.

*Dan Beeland,* for plaintiff in error.
*H. Thad Crawley,* contra.