40941. CRAVEY v. CITIZENS & SOUTHERN NATIONAL BANK.

Decided September 21, 1964.

*Sumner & Boatright, J. Laddie Boatright,* for plaintiff in error. *Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell, Adams, Adams & Brennan,* contra.

NICHOLS, Presiding Judge. 1. " 'When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings.' *Code* § 110-702. 'If the pleadings are so defective that no legal judgment can be rendered thereon, the judgment will be arrested or set aside.' § 110-704. 'A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form.' § 110-705. Under the rule last stated, a petition, although defective and although subject to general demurrer, in that it omits to set forth all the necessary ingredients of a cause of action, will not render the judgment based thereon subject to be set aside on a motion made for that purpose, unless it be that the petition shows on its face, not only that no cause of action is set forth, but that a cause of action did not in fact exist. *Merritt v. Bagwell,* 70 Ga. 578 (3), 595; *Stanford v. Bradford,* 45 Ga. 97, 98; *Fitzpatrick v. Paulding,* 131 Ga. 693 (63 SE 213); *Weems v. Kidd,* 37 Ga. App. 8 (2, 3) (138 SE 863); *Chapman v. Taliaferro,* 1 Ga. App. 235, 238 (58 SE 128); *So. R. Co. v. Morrison,* 8 Ga. App. 647, 648 (70 SE 91); *Rollins v. Personal Finance Co.,* 49 Ga. App. 365, 366 (175 SE 609), and cit." *Burch v. Dodge*

*County,* 193 Ga. 890 (1) (20 SE2d 428). See also *Mell v. Mc-Nulty,* 185 Ga. 343, 344 (1) (195 SE 181); *Whitley v. Currington,* 105 Ga. App. 681 (125 SE2d 678). Accordingly, the contentions made in grounds 1, 2 (a), (b), (c) and (d) of the motion in arrest, each being an amendable defect, if a defect, does not require a reversal of the judgment overruling the motion to arrest the judgment, and it is nowhere shown that "no cause of action existed."

2. " 'When a party has been afforded an opportunity to be heard, the court can not suspend or vacate its judgment merely to let in a defense which should have been offered before the judgment was entered.' *Hurt Building, Inc. v. Atlanta Trust Co.,* 181 Ga. 274, 283 (182 SE 187)." *Walthour v. Mock,* 102 Ga. App. 811 (117 SE2d 885). The contentions made in paragraph 2 (e) of the defendant's motion to arrest the judgment show only defenses that should have been made before the judgment was rendered, and the defendant was not prevented from making any such defense by coercion or duress, amounting to fraud. See *Young v. Young,* 188 Ga. 29, 35 (2 SE2d 622); *Kite v. Lumpkin,* 40 Ga. 506; and *Burger v. Dobbs,* 87 Ga. App. 88, 92 (73 SE2d 75), where it was held: "When the defendant was duly served, the legal responsibility was on him to keep up with the case, at every stage, if he desired to defend and contest it. According to the record, he was afforded full opportunity to defend, but he failed to appear and plead. Treating the motion as one to vacate and set aside the judgment filed at the same term of court when rendered, it was addressed to the sound legal discretion of the court, and no legal reason being shown by the motion as to why the judgment should be set aside, the judgment of the trial judge sustaining the plaintiff's demurrer to the defendant's motion was not an abuse of his discretion and will not here be disturbed."

3. The defendant contends in ground 2 (f) of his motion seeking to arrest the judgment that the attorney's fees, due dates, etc., were not liquidated and required a jury trial. No attorney's fees were sought or recovered by the plaintiff, and the allegations of the petition, supported by the exhibits attached thereto, showed the note to be due. See as to allegations of this type made in a petition and not denied, *Moore v. Trailmobile, Inc.,* 94 Ga. App.

892 (96 SE2d 529), and *Young v. John Deere Plow Co.*, 102 Ga. App. 132, 136 (115 SE2d 770).

The trial court did not err in overruling this ground of the motion seeking to arrest the judgment. The remaining grounds are either not proper grounds for a motion to arrest a judgment or are no more than a conclusion unsupported by the facts pleaded. While the defendant cites cases which deal with *Code Ann.* § 110-404, the present case involves a situation where a case not only has gone into default but where a final judgment has been rendered adverse to the movant. Accordingly, such Code section and the cases construing and applying the same are not applicable to the case sub judice.

The judgment overruling the defendant's motion to arrest the default judgment was not error for any reason assigned.

*Judgment affirmed. Hall and Russell, JJ., concur.*