41694. HATCHER, Administratrix v. SCARBORO.

DEEN, Judge. On September 3, 1963, the plaintiff Hatcher filed suit on a promissory note against Scarboro in the Superior Court of Laurens County, which has terms of court beginning on the fourth Mondays of January, April, July and October of each year. The answer of the defendant was filed October 4, 1963, more than 30 days later, and demurrers to the answer were filed four days thereafter. The plaintiff filed certain interrogatories on January 14, 1965, which were served on the defendant requiring him to make answer within

15 days. The defendant gave the papers to his attorney, who did not advise him of what action to take, failed to make answer as required, and heard nothing further from the case until an execution was recorded against him. On March 3 plaintiff filed a motion to compel the defendant to answer, upon which a rule nisi issued which was served on the defendant and which required him to be present at a hearing set for March 18, 1965, to hear this issue. The defendant failed to appear either in person or through his attorney, at which time the court issued a rule absolute requiring an answer to the interrogatories by April 8. Again no action was taken in the matter. The plaintiff, after the defendant's failure to comply with the latter order, moved to strike the defendant's answer under *Code Ann.* § 38-2111 (b) (2) (iii) which authorizes the court, on the refusal of a party to make answer after being directed to do so by the court, to strike pleadings or render a judgment by default against the disobedient party. On May 11, 1965, the motion was granted, the answer stricken, and a default judgment entered against the defendant. On July 19 the defendant for the first time took notice of the proceedings and moved to have the judgment set aside, the answer re-instated, and a reasonable extension of time granted him to answer the interrogatories. A motion to dismiss the motion to set aside the judgment was overruled and error is assigned on this ruling. *Held:*

While *Code Ann.* § 110-404 contemplates the opening of a default prior to judgment and where no plea has been filed, even in such case it is error to grant the motion except for providential cause or excusable neglect. Failure or even inability to read and comply with process is not a reasonable excuse but constitutes gross negligence. *McMurria Motor Co. v. Bishop,* 86 Ga. App. 750 (72 SE2d 469). In that case the plaintiff failed to turn the papers over to an attorney. In *Drain Tile Machine, Inc. v. McCannon,* 80 Ga. App. 373 (56 SE2d 165) plaintiff retained an attorney who, after filing a defense, failed to notify his client or appear on the trial of the case because he was moving his office during a part of the time immediately preceding the call of the case for trial and was out of town on another case during the remainder of the time. The action of the trial court in re-instating the case after having dismissed it for lack of

prosecution at the same term was reversed with the statement that "the motion of the plaintiff to have this judgment of dismissal vacated and to have the case re-instated does not appear to have been founded upon a meritorious reason, nor does sufficient cause appear therefrom for the court to exercise the discretion which it possessed in the premises." In *Godby v. Hein,* 107 Ga. App. 481 (2) (130 SE2d 511) it was held: "A showing that a party and his counsel failed to appear when his case was regularly scheduled for trial due to some inadvertence, oversight or mistake does not afford sufficient cause for the exercise of a discretion in vacating the judgment." See also *Burger v. Dobbs,* 87 Ga. App. 88, 92 (73 SE2d 75); *Cravey v. Citizens &c. Nat. Bank,* 110 Ga. App. 284 (2) (138 SE2d 321).

The motion to set aside the judgment does not contend that the defendant, who had been served with the various papers in the case, did not know that an answer to the interrogatories was required of him, but only that he was not advised by his attorney of what action to take. The most that is shown is either negligence of counsel or a misunderstanding between the parties, neither of which is sufficient to authorize the court, in the exercise of its legal discretion, to set aside the judgment. Accordingly, it was error to overrule the motion to dismiss the motion to reinstate the case.

*Judgment reversed. Nichols, P. J., concurs. Hall, J., concurs specially.*

SUBMITTED JANUARY 5, 1966—DECIDED JANUARY 19, 1966— REHEARING DENIED FEBRUARY 10, 1966.

*Dubignion Douglas,* for appellant.

*H. Dale Thompson,* for appellee.

HALL, Judge, concurring specially. The appellee contends that his case is controlled by *Strickland v. Galloway,* 111 Ga. App. 683 (143 SE2d 3). That case has caused considerable comment within the State Bar. It may be due to the fact that many attorneys have been under the misapprehension that the only grounds for opening a default under *Code Ann.* § 110-404 are for providential cause or for excusable neglect. While rarely used by the trial court and thus rarely found in the reports of our appellate courts, there is a third ground: ". . . or

where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened . . ." The motion to open the default in the *Strickland* case was based upon all three grounds. The trial court granted the motion on all three grounds. This court was practically unanimous in its view that the facts in the *Strickland* case did not authorize the opening of the default for providential cause or excusable neglect. Nevertheless, the majority were of the opinion that the test under the third ground was similar to that of the trial court when passing on the general grounds of a motion for new trial. Upon this reasoning, the trial court's ruling was affirmed.

Neither the *Strickland* case nor *Code Ann.* § 110-404 is applicable to the present case for the reason that this case not only has gone into default but a final judgment has been rendered adverse to the movant. See *Cravey v. Citizens &c. Nat. Bank,* 110 Ga. App. 284, 287 (138 SE2d 321).